Hardip SINGH; et al., Petitioners,

v.

Michael B. MUKASEY, Attorney General, Respondent.

No. 04–74492.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 13, 2008.*

Filed June 19, 2008.

George T. Heridis, Esq., Rai & Associates, PC, San Francisco, CA, for Petitioners.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**12**

Before: FARRIS, BEEZER, and HALL, Circuit Judges.

MEMORANDUM **

Petitioners Hardip Singh and his wife Atinder Kaur, natives and citizens of India, petition for review of the Board of Immigration Appeals' (BIA) final order of removal and denial of eligibility for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). We have jurisdiction pursuant to 8 U.S.C. § 1252(a)(1), and deny the petition for review.

Because the BIA expressly adopted and affirmed the immigration judge's (IJ) entire decision, we review the IJ's decision as if it were that of the BIA. *Abebe v. Gonzales,* 432 F.3d 1037, 1039 (9th Cir.2005) (en banc). We review for substantial evidence, and reversal is proper only if the evidence compels a contrary result. *INS v. Elias–Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992); *Ali v. Ashcroft,* 394 F.3d 780, 784 (9th Cir.2005).

■ The IJ denied Kaur's asylum and withholding claims because she found Kaur's testimony not credible. We uphold the adverse credibility ruling. The IJ gave "specific and cogent" reasons for her findings that went to the "heart of the asylum claim." *Kaur v. Ashcroft,* 379 F.3d 876, 884 (9th Cir.2004) (citation and quotation omitted). The IJ cited inconsistencies between Kaur and Singh's testimony with respect to Singh's political involvement with the Akali Dal Mann group, as well as his family's activities in supporting Sikh militants. Moreover, the IJ relied in part on Kaur's evasive demeanor in reaching her adverse credibility finding, noting Kaur's long pauses before answering questions and inability to recall details as her testimony progressed. "We give 'special deference' to a credibility determination that is based on demeanor," *Singh–Kaur v. INS,* 183 F.3d 1147, 1151 (9th Cir.1999), and the IJ's observations about Kaur's demeanor are fully supported in the record. Because Kaur's testimony was properly discredited, and because she offered no other evidence to support her application, we affirm the IJ's finding that she is ineligible for asylum and withholding of removal. *Alvarez–Santos v. INS,* 332 F.3d 1245, 1254–55 (9th Cir.2003).

■ The IJ found Singh's testimony credible, but denied his asylum and withholding claims regardless. We affirm those rulings as well. To establish eligibility for asylum, the applicant must establish either past persecution or a well-founded fear or future persecution. *Mejia–Paiz v. INS,* 111 F.3d 720, 723 (9th Cir.1997). By his own testimony, Singh suffered no past persecution, and there is nothing in the record to support his assertion that he has an objectively reasonable fear of future persecution if returned to India. *Id.* The arrest of Singh's father and brother occurred fifteen years ago, and his brother still lives in the village where the alleged strife with the Indian police occurred. *See Hakeem v. INS,* 273 F.3d 812, 817 (9th Cir.2001). Moreover, the State Department country condition report does not reveal that politically motivated attacks on Sikhs are common at this time. Accordingly, Singh has failed to establish eligibility for asylum, and has necessarily also failed to meet the more stringent standard for withholding of removal. *Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

█ Last, we uphold the BIA's denial of Kaur and Singh's CAT claims. To establish eligibility for relief from removal under the CAT, Kaur and Singh must show that "it is more likely than not" that they would be tortured if removed to India. *Khup v. Ashcroft,* 376 F.3d 898, 906–07 (9th Cir.2004). The record evidence does not compel the conclusion that either Kaur or Singh would be tortured if returned to India.

PETITION FOR REVIEW DENIED.